**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0786-22

BRIAN SARRATT,

     Plaintiff-Appellant,

v.

NJ PLIGA,

     Defendant-Respondent.

_____

Submitted December 20, 2023 – Decided January 8, 2024

Before Judges Accurso and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, L-3903-21.

John J. Pisano, attorney for appellant.

Flanagan, Barone & O'Brien, LLC, attorneys for respondent (Michelle Mary O'Brien, of counsel and on the brief; Frank Joseph Morano, on the brief).

PER CURIAM

     Brian Sarratt appeals from orders dismissing his complaint (and denying reconsideration) against the New Jersey Property-Liability Insurance Guaranty

Association (PLIGA), the statutory administrator of the Unsatisfied Claim and Judgment Fund (UCJF or Fund), pursuant to Rule 4:6-2(e) for failure to establish he was a qualified claimant under N.J.S.A. 39:6-62 and to comply with the notice provisions of N.J.S.A. 39:6-65. We affirm.

Plaintiff was riding a bicycle in Elizabeth on a rainy night in October 2021, when a small, white hatchback turned into him, knocking him to the ground. The car didn't stop. Police and paramedics responded to the scene. The police completed an accident report, documenting plaintiff's report that a hit-and-run driver making a left turn collided with the front wheel of his bicycle. The report did not note any witnesses to the accident. Plaintiff declined medical attention and "limped" the few blocks home, his bike being unrideable.

Plaintiff promptly retained counsel who ten days later faxed PLIGA a letter attaching the police report and notes from a medical provider, requesting "all necessary forms, so as to arrange for the processing of this claim." The following week, counsel filed a complaint on plaintiff's behalf asserting his eligibility for bodily injury uninsured motorist benefits. Counsel, however, did

2

not file a notice of intent to make a claim on plaintiff's behalf within the 180 days permitted by N.J.S.A. 39:6-65.[1]

Counsel for PLIGA wrote to plaintiff's counsel on December 16, 2021, thirty days after the complaint was filed, and nearly seven weeks after the accident, requesting

> the requisite documentation in support of your client's application for benefits including:
>
> • Proof of residency on the date of loss
>
> • Notice of Intention
>
> • Affidavit of No Insurance
>
> • Certification of Medicare Eligibility; and
>
> • Application for PIP benefits.

---

[1] N.J.S.A. 39:6-65 provides in pertinent part:

> Any qualified person . . . who suffers damages resulting from bodily injury . . . arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, and whose damages may be satisfied in whole or in part from the fund, shall . . . within 180 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the association, the form and contents of which shall be prescribed by the association, of his intention to make a claim thereon for such damages if otherwise uncollectible . . . .

A-0786-22

Plaintiff's counsel did not respond to that letter and did not submit the requisite documents. Plaintiff did, however, provide answers to interrogatories in mid-February 2022, disclosing his address, but not his social security number, and certifying he lived alone and that there were no witnesses to the accident. PLIGA's counsel wrote plaintiff's counsel again on April 5, 2022, renewing her request for proof of plaintiff's residency and "plaintiff's documents in support of UCJF eligibility." PLIGA's counsel received no response to that letter either. The 180-day time period for notice expired on April 27, 2022, without plaintiff's counsel filing the necessary documents.

PLIGA deposed plaintiff on May 12, 2022. At his deposition, plaintiff provided counsel his social security number. He also confirmed his address, testifying it was an apartment belonging to a friend where he'd lived for two years — contrary to his interrogatory response that he lived alone. He reported his friend owned a Cadillac Escalade, which was insured on the date of the accident. In response to a question from PLIGA's counsel about a motorcycle and a black Lexus parked at his home, plaintiff responded that the Lexus belonged to his friend and the motorcycle belonged to a friend of his friend.

Although plaintiff certified in his answers to interrogatories that there were no witnesses to the accident, he testified at his deposition there were two

4

witnesses. One, a woman who stopped to help and another, a mechanic at a garage "directly across" from where plaintiff was hit, who assisted him to a chair in the garage and called the police. Plaintiff did not get either of their names, describing both as Hispanic.[2]

Following the deposition, PLIGA's counsel wrote to plaintiff's counsel on June 8, 2022, referencing her letter of April 5, and noting she had yet to receive proof of plaintiff's residence or "plaintiff's documents in support of UCJF eligibility." Counsel enclosed with that letter the PLIGA forms for an affidavit in support of UCJF eligibility, certification of Medicare eligibility, notice of intention to make a claim, and an application for PIP benefits, asking counsel to supply the completed documents "forthwith," and that failure to do so within ten days would result in the filing of a motion. Plaintiff's counsel did not respond to that letter.

Over two months later, PLIGA filed its motion to dismiss plaintiff's complaint for failure to comply with the notice provisions of N.J.S.A. 39:6-65.

---

[2] Plaintiff also testified at his deposition that he'd used the name Keith Sarratt as "an alias" in the past. We note this not to suggest any fraud or abuse on plaintiff's part but to underscore the importance to PLIGA of the timely receipt of information, including a claimant's social security number, to allow it to conduct an effective investigation of the claim. See Giacobbe v. Gassert, 29 N.J. 421, 425 (1959) (noting the statutory "notice is designed to afford a timely inquiry and thus to safeguard the fund against fraud and imposition").

Two days later, plaintiff's counsel responded with an executed affidavit in support of UCJF eligibility, an executed notarized PLIGA claim form, an executed certification of Medicare eligibility, a notice of intention to make a claim, and a completed application for PIP benefits. Plaintiff did not include an affidavit of no insurance. PLIGA argued plaintiff's failure to supply an affidavit stating he was without insurance on the date of the accident rendered him disqualified for benefits under N.J.S.A. 39:6-62, and the eligibility documents he supplied in response to the motion were tendered well beyond the 180-day limit for notice under N.J.S.A. 39:6-65. Plaintiff countered that he had provided all required information, and PLIGA's regulations expressly provide that "[a] Notice of Intention to Make Claim under N.J.S.A. 39:6-65 may be filed on [the form designated]" by the UCJF and written notice "in any other form that contains the information required by this section shall be acceptable." N.J.A.C. 11:3-26.2(a) and (b).[3] (Emphasis added).

---

[3] N.J.A.C. 11:3-26.1 provides:

(a) Notice of intention to make a claim under N.J.S.A. 39:6-65 shall contain the following information:

>    1. The claimant's name, address, date of birth and social security number;

After hearing argument, the judge issued an order and a written statement of reasons granting PLIGA's motion and dismissing plaintiff's complaint. The judge began by explaining that the purpose of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 to 90.1, "is to 'provide a measure of relief to persons who sustain losses inflicted by financially

---

2. The time, date, location, municipality and county in which the loss occurred;

3. The identity of the operators and vehicles involved in the accident, including the name and address of the owner and operator and the license plate number of the vehicle;

4. Such witnesses to said accident as are then known;

5. A short description of the accident, including the claimant's role or position therein;

6. A description of the injuries then known, and attached thereto a medical certificate if then available. In any event the medical certificate shall be filed as soon as available;

7. A description of the damage sustained to property, and attached thereto an estimate of the cost of repairs if then available; and

8. The policy number of any insurance applicable to the accident, including the name and address of all insurance companies involved.

irresponsible or unknown owners and operators of motor vehicles, where such persons would otherwise be remediless.'" Dixon v. Gassert, 26 N.J, 1, 5 (1958). The judge noted "the purpose of the Act was never to 'make every claimant whole or to compensate all accident victims.'" Jimenez v. Baglieri 152 N.J. 337, 342 (1998). Instead, "it was intended 'to offer some measure of relief to those who come within the class intended to be protected, to prevent a claimant from being forced to absorb the entire economic loss caused by the accident.'" Id. at 342-43 (quoting Unsatisfied Claim and Judgment Fund Bd. v. New Jersey Mfrs. Ins. Co., 138 N.J. 185, 189 (1994)).

The judge also noted the well-established principle that our "courts are, in essence, 'the guardian[s] of the trust monies represented by our statutory Fund'" and must give full effect to those provisions designed to protect the Fund, underscoring that "[t]he doctrine of liberal construction relates to the scope of the legislation and not to the proof or the evidence necessary to establish compliance with its terms and conditions." Szczesny v. Vasquez, 71 N.J. Super. 347, 358-359 (App. Div. 1962). The judge quoted the Supreme Court's observation that "[t]o be eligible for Fund benefits, claimants must comply with numerous procedural requirements." Jimenez, 152 N.J. at 343.

8

The judge concluded plaintiff failed to establish he was a qualified person under N.J.S.A. 39:6-62 because he had not satisfactorily demonstrated that he was without insurance coverage on the date of the accident. The judge further found that plaintiff had not complied with the notice requirements of N.J.S.A. 39:6-65 and N.J.A.C. 11:3-26.1 because he'd not provided either proof of residency or his social security number within the 180-day statutory period.

The judge rejected plaintiff's argument on reconsideration that although he'd "dispensed with the formality of the Affidavit of No Insurance," he'd provided his social security number at deposition, answered "no" to all provisions of question 12 on the affidavit in support of UCJF eligibility about the ownership of autos on the date of the accident, and responded to PLIGA's interrogatories certifying he "live[d] alone" and did "not own a motor vehicle," thereby satisfying the statutory notice requirement. The judge denied the motion for reconsideration, finding the notice provisions of the statute are clear and that the court was not "at liberty to modify or re-legislate" the protective restrictions embodied in the statute's conditions precedent for recovery. Szczesny, 71 N.J. Super. at 358.

A-0786-22

Plaintiff appeals, arguing the order dismissing the complaint should be reversed because he has established he is a qualified person under N.J.S.A. 39:6-62, and he complied with the notice requirements for recovering benefits from the Fund.  We disagree.

"Every competent person is conclusively presumed to know the terms of the statute and those physically able to meet the conditions precedent are obliged to do so."  Szczesny, 71 N.J. Super. at 358.  Plaintiff nowhere explains why the forms he filed two days after PLIGA moved to dismiss his complaint, nearly ten months after the accident and four months after the 180-day statutory notice deadline of April 27, 2022, could not have been filed prior to that date.  He does not claim he was physically or mentally incapable of doing so, the only exceptions allowed by the legislature for the failure to give timely notice.  See Giacobbe v. Gassert, 29 N.J. 421, 425-26 (1959).

As the trial court noted, "the Fund was never intended to make every claimant whole or to compensate all accident victims; rather, it was intended to 'offer some measure of relief to those who come within the class intended to be protected.'"  Jimenez, 152 N.J. at 342-343 (quoting Unsatisfied Claim & Judgment Fund Bd., 138 N.J. at 189).  "Only claimants who are statutorily qualified under N.J.S.A. 39:6-62 may recover benefits under the Fund."  Id. at

341-342.  The purpose of the notice provisions of N.J.S.A. 39:6-65 and N.J.A.C. 11:3-26.1 is to allow PLIGA to ensure that only qualified claimants have access to the fund.  Jimenez, 152 N.J. at 343.[4]

Applying those principles here, it is plain to us the trial court was correct to find plaintiff ineligible to recover benefits from the Fund.  It is undisputed that plaintiff did not file the PLIGA forms, first requested in December 2021, until PLIGA filed its notice to dismiss in August 2022, well beyond the 180-day deadline.  And while it is certainly true, as plaintiff noted in his motion for reconsideration, that the forms are not required under N.J.A.C. 11:3-26.1(b) and he submitted some of the necessary information in his answers to

---

[4]  The Court in Jimenez noted in the case of hit-and-run accidents, N.J.S.A. 39:6-78(a)-(f) requires

> that:  (a) the plaintiff has given the Board written notice of intent to make a claim within the time permitted by N.J.S.A. 39:6-65, (b) the injuries are not covered by workers' compensation laws, (c) the plaintiff was not the owner of an uninsured motor vehicle at the time of the accident or operating an automobile in violation of an order of suspension or revocation, (d) the plaintiff has a cause of action against the operator or owner of the hit-and-run vehicle, (e) all reasonable efforts have been made to identify the vehicle and its owner, and (f) the action is not brought on behalf of an insurer under the circumstances prohibited by N.J.S.A. 39:6-70(l).
>
> [152 N.J. at 343.]

11

interrogatories filed within the 180-day period, he ignores that the critical information provided there about living alone and that there were no motor vehicles associated with his household was inaccurate, as was his certification that there were no witnesses to the accident.

Plaintiff did not correct those statements until his deposition after the 180-day deadline had passed. Leaving aside the inaccuracy of some of the information he timely provided to PLIGA, the Association is not required to sort through plaintiff's submissions over several months' time to glean the information required by the notice statute in bits and pieces. N.J.A.C. 11:3-26.1(c) expressly provides that

> A notice of intention to make a claim that does not contain the items identified in N.J.A.C. 11:3-26.1(a) 1 through 8 shall be returned to the sender and deemed to be not filed with the Unsatisfied Claim and Judgment Fund (UCJF) for the purpose of complying with N.J.S.A. 39:6-65 and shall not toll the statute of limitations.

As our Supreme Court has long held, "[t]he public interest demands that the Fund, although a trust fund for those individuals injured by financially irresponsible or unidentified operators of motor vehicles, be administered in a fashion to assure that only those persons legitimately entitled to participate in its benefits are paid therefrom." Douglas v. Harris, 35 N.J. 270, 279 (1961).

12

To that end, "[e]very provision of the Act designed for protection of the Fund should be given full consideration and effect." Myers v. Cave, 55 N.J. Super. 185, 198 (App. Div. 1959) (quoting Re Sinclair v. Woodward, (Ont. Ct. App. 1951) O.W.N. 816, 1 D.L.R. 398, 400 (1952)). As we long ago noted, "it was not the legislative intent to make access to the Fund easy"; "each application should be closely examined" to ensure the intent of the legislature to limit the fund to qualified claimants is faithfully carried out. Szczesny, 71 N.J. Super. at 358. The trial court fulfilled that responsibility here.

Finally, we note our obligation to fully recognize the express mandates of the statute, "without regard to any notions of our own or of the parties as to the fairness, procedural expediency, or administrative wisdom of any of the legislative directions." Myers, 55 N.J. Super. at 193-194. It is not enough to contend "that no abuse or fraud is shown in the particular instance. Prophylactic statutory measures must be applied uniformly, or the legislative design is inevitably subverted over the long run." Id. at 194.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13